MARC A. LEVINSON (STATE BAR NO. 57613)
Malevinson@orrick.com
CYNTHIA J. LARSEN (STATE BAR NO. 123994)
clarsen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

MARSHALL B. GROSSMAN (STATE BAR NO. 35958)
mgrossman@orrick.com
NATALIE NAHABET (STATE BAR NO. 301597)
nnahabet@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
Healthcare Conglomerate Associates, LLC

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>MAXIM HEALTHCARE SERVICES, INC., a corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, dba TULARE REGIONAL MEDICAL CENTER, LLC.<br><br>　　　　Defendants.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC,<br><br>　　　　Third-Party Plaintiff, | Case No. 17-13797<br><br>Chapter 9<br><br>Adv. No.: 18-01018<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S THIRD-PARTY COMPLAINT FOR INDEMNITY AGAINST DEBTOR/ THIRD-PARTY DEFENDANT TULARE LOCAL HEALTHCARE DISTRICT** |

v.

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER.

Third-Party Defendant.

Pursuant to Federal Rule of Civil Procedure 14, Defendant and Third-Party Plaintiff Healthcare Conglomerate Associates, LLC (hereinafter "HCCA"), hereby asserts a third-party claim against Debtor and Third-Party Defendant Tulare Local Health Care District dba. Tulare Regional Medical Center (the "District")[1] for indemnification pursuant to the Management Services Agreement entered into between HCCA and the District with an effective date of May 29, 2014 (the "MSA") and the Bylaws of the District, and for equitable indemnification, alleging as follows:

## THE PARTIES

1. Defendant/Third-Party Plaintiff HCCA is a California Limited Liability Company.

2. Debtor and Third-Party Defendant the District is a California public entity.

## JURISDICTION

3. This Court has jurisdiction over HCCA's cross-claim pursuant to Bankruptcy Rule 7014 and Federal Rule of Civil Procedure 14(a).

## PRELIMINARY ALLEGATIONS

4. The District owns an acute care hospital in Tulare, California, the Tulare Regional Medical Center (the "Hospital"), in addition to medical clinics in the area.

5. On or about May 28, 2014, HCCA and the District entered into the MSA, a valid and enforceable contract that governs the relationship between HCCA and the District, under which HCCA was engaged to act as manager and agent for the District in operating its facilities, including the Hospital and clinics, owned by the District.

---

[1] While the District is a party to the bankruptcy case, it previously was not a party to the adversary proceeding.

6. Section 8 of the MSA is titled "Indemnification and Liabilities." Section 8(a), titled "District Indemnity Obligation," states as follows:

> [HCCA] does not hereby assume any of the obligations, liabilities or debts of the District or the Hospital or the Clinics and Other Facilities, except as otherwise expressly provided herein, and shall not, by virtue of its performance hereunder, assume or become liable for any of such obligations, debts or liabilities. **The District hereby agrees to indemnify, defend and hold [HCCA] harmless from and against any and all claims, actions, liabilities, losses, costs and expenses of any nature whatsoever, including reasonable attorneys' fees and other costs of investigating and defending any such claim or action, asserted against [HCCA] on account of any of the obligations, liabilities or debts of the District or the Hospital or the Clinics and Other Facilities, except for demands arising from [HCCA]'s willful misconduct. The District further hereby agrees to defend, hold harmless and indemnify [HCCA] and [HCCA] Parties from and against any and all claims, actions, liabilities, losses, costs and expenses of any kind imposed on account of or arising out of actions taken by [HCCA] or [HCCA] Parties in what [HCCA] or any such Person reasonably believed to be within the scope of their responsibilities under this Agreement, except for acts of willful misconduct.** However, in no event shall [HCCA] or any [HCCA] Parties be liable to the District for any loss of use, goodwill, revenues or profits, or any consequential, special, indirect or incidental loss, damage or expense, or for punitive or exemplary damages, except for punitive or exemplary damages to the extent resulting from the willful misconduct of [HCCA] or [HCCA] Parties. This Section shall survive the expiration or termination of this Agreement. The foregoing indemnification is an addition to and not in limitation of the indemnification provisions as they relate to agents of the District (it being agreed that [HCCA] is an agent of the District for that purpose), as set forth in the District's Bylaws, and any other indemnification provisions set forth in this Agreement. (emphasis added).

7. Section 8(b) of the MSA, titled "Manager Not Liable for District Liabilities," states in relevant part: "[HCCA] shall not be or become liable for any of the existing or future obligations, liabilities, or debts of the District, or for any of the obligations of the Hospital and the Clinics and Other Facilities. This Section shall survive the expiration or termination of this Agreement."

8. In addition, the Bylaws of the District, provide for indemnification, including attorneys' fees, when suit is brought against an agent of the District for acts within the agent's authority, as set forth in Article XI thereof.

9. Plaintiff Maxim Healthcare Services, Inc. dba. Maxim Staffing Solutions ("Maxim") allegedly provide medical staffing services to the Hospital in or around the years 2016

and 2017. The District is the owner of the Hospital. HCCA did not contract with Maxim for Maxim's medical staffing of the Hospital. Any services provided by Maxim were provided to the District, as principle.

10. On or about August 10, 2017, Maxim filed an action against "Healthcare Conglomerate Associates, LLC, dba. Tulare Regional Medical Center, LLC, a limited liability company," and Does 1 to 10, inclusive, in Tulare County Superior Court, Visalia Division (Case No. VCU270716) (the "Action") asserting common counts in the amount of $160,645.35 plus interest and statutory attorneys' fees according to proof. On or around January 16, 2018, Maxim filed a first amended complaint. The District removed the Action from Superior Court to this Court on April 25, 2018, and HCCA filed an Answer to the First Amended Complaint.

11. As a result of the Action, HCCA has incurred, and continues to incur, attorneys' fees and costs related to its investigation and defense of Plaintiff's claims.

**FIRST CAUSE OF ACTION AGAINST THE DISTRICT**
**(Express Obligation to Indemnify)**

12. HCCA repeats and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1-11 of the Third-Party Complaint.

13. The MSA is a valid and enforceable contract.

14. HCCA has fully complied with and performed all of its obligations under the MSA.

15. The Action was brought by Maxim against HCCA in order to recover monies arising out of alleged obligations, liabilities or debts of the District.

16. Section 8(a) of the MSA requires the District to indemnify HCCA for all costs, liabilities, expenses and attorneys' fees suffered by it on account of any obligations, liabilities, or debts of the District or its hospital, clinics or other facilities, except demands arising from HCCA's willful misconduct.

17. Section 8(b) of the MSA provides that HCCA is not liable for any of the existing or future obligations, liabilities, or debts of the District.

18. Each and every claim asserted by Maxim against HCCA in the Action is subject to Sections 8(a) and 8(b) of the MSA such that the District is contractually obligated to indemnify HCCA for all reasonable attorneys' fees and other costs of investigating and defending the Action and any liabilities, losses, costs and expenses attributed to or incurred by HCCA as a result of the Action, and hold HCCA harmless from any obligations, liabilities, or debts of the District.

19. In addition, under the Bylaws of the District, HCCA is entitled to be indemnified and held harmless for all liability including attorneys' fees, arising from the Action.

20. The District has failed to comply with its obligations contained in Sections 8(a) and 8(b) of the MSA and in the District's Bylaws by failing to indemnify and hold harmless HCCA from and against any cost, liability, debt, obligation or expense incurred as a result of the Action.

**SECOND CAUSE OF ACTION AGAINST THE DISTRICT**
**(Equitable Indemnification)**

21. HCCA repeats and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1-20 of the Third-Party Complaint.

22. HCCA is in no way legally responsible for any damages allegedly sustained by Maxim. If, as a result of the matters alleged in Maxim's Complaint, HCCA is held liable for all or any part of the claims or damages asserted against it, then HCCA alleges that the District, as owner and principal, should bear the responsibility for all such damages and any other losses, including attorneys' fees and costs, suffered by HCCA.

**PRAYER FOR RELIEF**

WHEREFORE, HCCA prays for the following judgment against the District:

1. An adjudication determining that HCCA is entitled to be held harmless and indemnified by the District an award of damages in an amount to be determined at trial for the District's obligation and failure to indemnify and hold harmless HCCA;

2. Costs, attorneys' fees, and such other relief as this Court deems just and proper.

**JURY DEMAND**

HCCA hereby demands a trial by jury as to all issues so triable.

Dated: June 21, 2018                ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Cynthia J. Larsen*_____
Cynthia J. Larsen
Attorneys for Defendant
Healthcare Conglomerate Associates, LLC

4161-9219-6372.1